UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW GROSS, III,

                Petitioner,

   v.

ERIC HOLDER, JR., *et al.*,

                Respondents.

Civil Action No. 11-1426 (HHK)

## MEMORANDUM OPINION

In October 2002, in the United States District Court for the Eastern District of Michigan, petitioner pled guilty to one count of dealing in counterfeit securities in violation of 18 U.S.C. § 513.  Pet. at 2; *see Gross v. Berkebile*, No. 7:10-cv-00095, 2011 WL 13874, at *2 (E.D. Ky.  Jan. 4, 2011).  "On February 12, 2003, the court sentenced Gross to [a] 120-month sentence of imprisonment . . . to be served consecutively to the 84-month sentence he received in [a separate criminal case]."  *Gross*, 2011 WL 13874, at *2.  Petitioner appealed his conviction and sentence, which the United States Court of Appeals for the Sixth Circuit affirmed, but on remand for resentencing pursuant to the Supreme Court's ruling in *United States v. Booker,* 543 U.S. 220 (2005), the district court "imposed the same 120-month sentence previously imposed."  *Gross*, 2011 WL 13874, at *2.

According to petitioner, as of December 16, 2002, the Federal Bureau of Prisons ("BOP") no longer honored judges' recommendations to designate certain inmates to community

corrections centers (CCCs) "as a substitute for imprisonment." Pet. at 2.[1] Thereafter, petitioner stated, the BOP implemented a significant change in policy which has resulted in his designation to "2 different maximum security prison[s]." *Id*. at 5.

Petitioner now "argues that he is innocent of the crime of counterfeit secur[i]ties because [he] could not be expected to understand or foresee the current interpretation" of the BOP policy with respect to CCC placements. Pet. at 3. He states that he entered into the plea agreement "without any hint of the rigime [sic] change," and that "a major part of him accepting responsibility and pleading guilty was . . . [his] expectation of serving his sentence in [a] CCC." *Id.* at 4 (parentheses omitted). In petitioner's view, the BOP's change in policy violates not only the Ex Post Facto clause, *id.* at 2, but also the Fifth and Fourteenth Amendments, *id.* at 3, to the United States Constitution. He brings this action under 28 U.S.C. § 2241, *id.* at 5, seeking "the chance to vacate his guilty plea, and . . . immediate release to CCC from federal custody." *Id.* at 6. He also demands "relief pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202," and a preliminary injunction, *id.*, presumably for the purpose of enjoining the BOP from designating him to any facility other than a CCC, *see id.* at 5.

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Accordingly, a federal prisoner who challenges his conviction and sentence "must do so in a motion in the

---

[1]  To a preprinted form titled "Petition for Writ of Habeas Corpus by a Person in Custody of the District of Columbia," petitioner attaches a six-page handwritten "Jurisdictional Statement and Brief" with seven exhibits. References to the petition ("Pet.") in this Memorandum Opinion are references to the handwritten statement.

sentencing court under 28 U.S.C. § 2255." *Spencer v. United States*, No. 11-0734, 2011 WL 1624991, at *1 (D.D.C. Apr. 8, 2011); *see also Pradelski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999) ("When proceeding by § 2255 . . . the federal prisoner must file his motion to vacate, set aside, or correct his sentence in the court which imposed the sentence." (internal quotation marks omitted)). Petitioner was convicted in sentenced by the United States District Court for the Eastern District of Michigan, and he cannot mount a collateral challenge to his conviction or sentence in this district.

Insofar as petitioner challenges the execution of his sentence, he may proceed under 28 U.S.C. § 2241. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) ("[C]laims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.").[2] However, a habeas petition is subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's warden, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), and a "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Petitioner currently is incarcerated at

---

[2]   Petitioner cannot avail himself of the "savings clause" of 28 U.S.C. § 2255 which allows a federal prisoner to bring a claim challenging his conviction or sentence under 28 U.S.C. § 2241 if the 28 U.S.C. § 2255 "remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). His motion to vacate, set aside or correct his sentence has been denied, *see Gross v. United States*, Crim. No. 02-80763, 2003 WL 21816984, at *3 (E.D. Mich. July 23, 2003), and "[a] remedy under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has been denied," *Charles*, 180 F.3d at 756.

the United States Penitentiary in Terre Haute, Indiana. His custodian is the warden at that facility, and the warden is not within the territorial jurisdiction of this district court.

Petitioner cannot proceed under either 28 U.S.C. § 2241 or 28 U.S.C. § 2255 in this federal district court, and his petition for a writ of habeas corpus [Dkt. #1] his motion for release [Dkt. #2] will be denied. An Order accompanies this Memorandum Opinion.

HENRY H. KENNEDY, JR.
United States District Judge

DATE: September 9, 2011